**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLOR LISBETH PORTILLO QUINTANILLA,<br><br>Petitioner,<br><br>v.<br><br>TODD LYONS, et al.<br><br>Respondents. | Civil Action No. 25-17660 (KMW)<br><br>**OPINION** |

**WILLIAMS,** District Judge:

This matter comes before the court upon the habeas petition of Flor Lisbeth Portillo Quintanilla ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging the legality of her continued immigration detention under 8 U.S.C. § 1225(b)(2)(A). (ECF No. 1.) The Government filed a response to the petition (ECF No. 7), and Petitioner submitted a letter in support of the petition. (ECF No. 8.) For the reasons that follow, the Court concludes that Petitioner's mandatory detention under § 1225(b) violates the INA and the Due Process Clause of the Fifth Amendment. The petition is therefore granted and the Government shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days.

**I.   BACKGROUND**

Petitioner is a native and citizen of El Salvador who has resided in the United States since approximately April 12, 2008. (ECF No. 1 at 2; ECF No. 7 at 1.) On October 29, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner during a targeted regulatory inspection at a commercial facility in Avenel, New Jersey. (ECF No. 1 at 14.) ICE

thereafter detained Petitioner at the Delaney Hall Detention Facility in Newark, New Jersey, where she remains in custody. (*Id.* at 13-14.)

The Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner before the Newark Immigration Court pursuant to 8 U.S.C. § 1229a. (*Id.* at 2, 13.) DHS charged Petitioner as inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). (*Id.*) Removal proceedings remain pending, and a master calendar hearing was scheduled for December 3, 2025. (*Id.* at 13.)

On November 18, 2025, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of her continued detention. (ECF No. 1.) Petitioner alleges that Respondents have improperly detained her under 8 U.S.C. § 1225(b)(2)(A), thereby denying her eligibility for a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 1 at 1-3.) Petitioner now urges prompt intervention and immediate release. (ECF No. 8.)

## II.    LEGAL STANDARD

### A. Habeas Jurisdiction

Under 28 U.S.C. § 2241, federal district courts retain jurisdiction to review the legality of executive detention, including immigration custody. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003). A district court may grant habeas relief if the petitioner "is in custody in violation of the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Jurisdiction lies in the district of initial custody and is unaffected by subsequent transfers. *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 445–446 (3d Cir. 2021); *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

### B. Statutory Detention Authority

The Immigration and Nationality Act provides two principal sources of prefinal removal order detention authority. First, § 1225(b) mandates detention of certain "applicants for

admission" – persons seeking entry who have not been formally admitted. Such individuals are subject to mandatory detention during inspection and removal processing. Second, § 1226(a) authorizes—but does not require—detention of noncitizens already "present in the United States," subject to discretionary bond proceedings.

The distinction between § 1225(b) and § 1226(a) is critical. Under § 1225(b), detention is mandatory and typically brief. Under § 1226(a), detention is discretionary and constitutionally constrained by due process. Detention under § 1226(a) attaches where DHS encounters a noncitizen within the interior after admission or after a substantial period of continuous presence, whereas § 1225(b) applies only where the individual is encountered "seeking admission" at the border or its functional equivalents. *Jennings v. Rodriguez*, 583 U.S. 281, 297–298 (2018); *Zumba v. Bondi*, No. 25-CV-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025) (distinguishing detention of "arriving aliens" under § 1225(b) from detention of persons apprehended in the interior whose presence in the United States was a settled and ongoing fact).

### III.  ANALYSIS

The sole dispositive question is whether Respondents lawfully detained Petitioner under 8 U.S.C. § 1225(b)(2)(A), or whether her detention is governed by 8 U.S.C. § 1226(a), thereby entitling her to an individualized bond hearing. The Court concludes that § 1226(a) applies.

Petitioner was arrested in the interior of the United States—at a commercial facility in Avenel, New Jersey—after residing in this country for more than seventeen years. (ECF No. 1 at 14). She was not apprehended at the border or at any functional equivalent of the border, nor was she encountered while seeking admission. (*Id.*) These facts are undisputed. (*See* ECF No. 7 at 1.)

Section 1225(b) applies only to applicants "seeking admission," a term of art limited to individuals actively seeking entry into the United States. *Jennings*, 583 U.S. at 297-298. Courts

within this District have consistently rejected application of § 1225(b) to noncitizens apprehended in the interior after a substantial period of continuous presence. *See, e.g., Zumba*, 2025 WL 2753496, at *8-9. Detention under § 1225(b) is therefore inapposite where, as here, the noncitizen's presence in the United States was settled and ongoing at the time of arrest. *Id.* at *10.

Respondents' reliance on administrative guidance or agency interpretation does not alter this statutory boundary. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024) (while "agencies have no special competence in resolving statutory ambiguities," "[c]ourts do"). Moreover, while DHS retains discretion in charging decisions, it may not expand the scope of mandatory detention beyond that authorized by Congress. Where the statutory text forecloses application of § 1225(b), detention under that provision exceeds lawful authority and is subject to habeas relief. *See Zadvydas*, 533 U.S. at 688.

Because Petitioner was encountered in the interior after a prolonged period of residence, her detention is governed by § 1226(a). Detention under that provision is discretionary and constitutionally constrained by due process, including the right to an individualized bond determination. *See Demore*, 538 U.S. at 523; *Jennings*, 583 U.S. at 296; *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *7–8 (D.N.J. Oct. 22, 2025). The appropriate relief in this matter is therefore a statutorily proper bond hearing pursuant to § 1226(a) under which Petitioner is given an opportunity to establish that she is not a flight risk or danger and thus be provided bond.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a statutorily proper bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days.

**IV. CONCLUSION**

For the reasons set forth above, the Court holds that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and that her continued detention without an individualized bond hearing is unlawful. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is GRANTED. Respondents are ordered to provide Petitioner with a statutorily proper bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days.

Dated: December 17, 2025

Hon. Karen M. Williams,
United States District Judge